IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED

MAY 18 2001

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| LEROY SMITH, #107551, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 00-A-1319-N |
| | ) | |
| GWENDOLYN C. MOSLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, Leroy Smith, brought this 42 U.S.C. § 1983 lawsuit against warden Gwendolyn C. Mosley, officer Horace Burton and officer Leroy Jamison. The plaintiff maintains that the defendants retaliated against him by issuing citations, placing him in disciplinary segregation, and withholding privileges. Additionally, the plaintiff asserts that the defendants were deliberately indifferent to his Eighth Amendment rights by failing to protect him from harassment and retaliation. The plaintiff also maintains that he was denied due process because he was not given an opportunity to contest his segregation and the withdrawal of privileges.

Pursuant to the orders of this court, the defendants filed a special report and supporting evidentiary materials addressing the plaintiff's claims for relief. The court deems it appropriate to treat the special report as a motion for summary judgment. The plaintiff was provided an opportunity to respond to the motion and has done so. The court

19

has reviewed the file, including the defendants' motion for summary judgment, the plaintiff's response thereto, and the supporting and opposing evidentiary materials. Based on that review, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. FACTS

The plaintiff maintains that, on August 22, 2000, defendant Jamison ordered him to take off his hat and to get a haircut. Additionally, the plaintiff asserts that on August 24, 2000, defendant Jamison ordered him to stand still and wrote him a citation "for no other reason than revenge and harassment." *Plaintiff's Answer to Special Report* at 2.

The defendants assert that, at 4:00 p.m. on August 22, 2000, defendant Jamison ordered the plaintiff to get a haircut. On August 24, 2000, defendant Jamison observed the plaintiff wearing a sweater cap. Defendant Jamison asserts that the cap was bulky and it appeared that the plaintiff needed a haircut. Defendant Jamison gave the plaintiff three (3) direct orders to remove the cap, but the plaintiff did not do so. *Defendant Jamison's Affidavit* at 1-2. After defendant Jamison again ordered the plaintiff to remove the cap, the plaintiff took off the cap stating, "You satisfied! You satisfied! You must have forgotten who I was, but I am gonna show you!" *Defendant Jamison's Affidavit* at 2. Defendant Jamison reported the incident to officer Gordy. Officer Gordy verbally reprimanded the plaintiff, and officer Gordy and defendant Jamison escorted the plaintiff

to Dorm #7 for a haircut. *Defendant Jamison's Affidavit* at 2. The plaintiff was issued a

behavior citation for a violation of Rule #56, failure to obey a direct order. *Defendants'*

*Exhibit - Behavior Citation* at 2. The plaintiff received 45 days loss of telephone, canteen

and visiting privileges, and was placed in disciplinary segregation for 45 days.[1] *Id.* at 1.

## II. DISCUSSION

## A. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the

plaintiff is required to produce some evidence supporting his constitutional claim. *See*

*Celotex v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and ...

designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A

plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for

summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v.*

*Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to

make a showing sufficient to establish the existence of an element essential to that party's

---

[1] In his response to the defendants' special report, the plaintiff also maintains that on March 3, 2001, defendant Jamison conducted a random shakedown and took his radio, headphones and notebook. *Plaintiff's Answer to Special Report - Affidavit* at 7. Defendant Jamison concedes that he confiscated the plaintiff's radio. However, defendant Jamison asserts that a confidential informer notified him that the plaintiff had modified radios to receive Department of Corrections radio transmissions. *Defendant Jamison's Affidavit* at 2. Based on this information and his belief that the radios were escape devices, defendant Jamison confiscated the contraband. *Id.*

case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## B.  THE RETALIATION & HARASSMENT CLAIMS

The plaintiff contends that placing him in segregation, depriving him of privileges and issuing citations against him were acts of retaliation against him for filing grievances to the warden. *Plaintiff's Complaint* at 3.

The method of establishing a retaliation claim is essentially the same as for a claim of race or sex discrimination. *Donnellon v. Fruehauf Corporation*, 794 F.2d 598, 600-01 (11th Cir. 1986). An inmate has the initial burden of establishing a prima face case of unlawful retaliation by a preponderance of the evidence, which once established raises a

presumption that the prison official retaliated against the inmate. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). To establish a prima facie case, an inmate must show that he was engaged in a protected activity, such as the filing of a lawsuit; that he suffered an adverse treatment simultaneously with or subsequent to such activity; and that there was a causal link between the protected activity and the adverse treatment. *Donnellon*, 794 F.2d at 600-01. If an inmate establishes a prima facie case, the burden then shifts to prison officials to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the prison official retaliated against the inmate. This may be done by the prison official articulating a legitimate, non-retaliatory reason for the adverse decision or action, which is clear, reasonably specific and worthy of credence. The prison official has a burden of production, not of persuasion, and thus does not have to persuade a court that he or she actually was motivated by the reason advanced. *Burdine, supra.* Once the prison official satisfies this burden of production, the inmate then has the burden of persuading the court that the proffered reason for the adverse decision is a pretext for retaliation. An inmate may satisfy this burden by persuading the court either directly that a retaliatory reason more than likely motivated the prison official or indirectly that the proffered reason for the adverse decision is not worthy of belief. By so persuading the court, the inmate satisfies his ultimate burden of demonstrating by a preponderance of the evidence that he has been the victim of

unlawful retaliation. *Burdine, supra.*

Although the plaintiff claims that he was retaliated against for filing grievances to the warden, the plaintiff has failed to overcome his burden of establishing that he was engaged in a protected activity, such as the filing of a lawsuit. *See Donnellon*, 794 F.2d at 600-01. Moreover, the defendants have shown that the actions about which the plaintiff complains were undertaken because of the plaintiff's refusal to obey direct orders and his possession of contraband. The plaintiff has presented only his mere conclusory allegation that the defendant Jamison's actions were retaliatory. This is insufficient to show that the reasons proffered by the defendants are pretextual. Summary judgment for the defendants should therefore be granted on this claim.

To the extent the plaintiff maintains that defendant Jamison has continually harassed and threatened him, his claims likewise must fail. Threatening or abusive language made by a prison official to an inmate does not rise to the level of a constitutional violation. *See McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973). Furthermore, a claim of verbal harassment, standing alone, does not establish a violation of 42 U.S.C. § 1983. Thus, the plaintiff has failed to demonstrate that the actions of defendant Jamison deprived him of any protected right, privilege or immunity.

Additionally, to the extent the plaintiff maintains that the defendants acted with

deliberate indifference by failing to stop the alleged harassment and retaliation, his claims must fail. The plaintiff's allegations of harassment provide no basis for relief in this 42 U.S.C. § 1983 action. Moreover, the plaintiff has failed to establish that the defendants retaliated against him for engaging in a constitutionally protected activity. Thus, there was no deliberate indifference on the part of the defendants to a substantial risk of harm to the plaintiff. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

## C. THE DUE PROCESS CLAIM

The plaintiff maintains that he should have been "given an opportunity to contest the reason for the segregation and withdrawal of privileges." *Plaintiff's Complaint* at 3. The plaintiff was sanctioned with 45 days loss of telephone, canteen and visiting privileges, and was placed in disciplinary segregation for 45 days.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court abandoned the *Thompson,*[2] *Olim,*[3] and *Hewitt*[4] methodology

---

[2]*Kentucky Department of Corrections v. Thompson*, 490 U.S. 454 (1989).

[3]*Olim v. Wakinekona*, 461 U.S. 238 (1983).

[4]*Hewitt v. Helms*, 459 U.S. 460 (1983).

for determining the existence of a liberty interest. Under the methodology of those cases, a court ascertained whether a state created a liberty interest protected by the Due Process Clause by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion." In its renunciation of prior case law, the Court held that federal courts must look to the nature of the deprivation rather than statutory or regulatory language to determine if a state created a liberty interest.

> Following *Wolff*,[5] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 483-484 (1995)(footnote added)(citations omitted). Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure encroaches upon a liberty interest protected under the Due Process Clause. *Id. at 484.*

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin,* 515

---

[5]*Wolff v. McDonnell*, 418 U.S. 539 (1974).

8

U.S. at 485. The loss of privileges and placement in segregation for a short period of time "though concededly punitive, does not represent a dramatic departure from the basic conditions" of the sentence imposed upon the plaintiff. *Id.* In light of the foregoing, it is clear that the actions taken against the plaintiff fail to "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Consequently, under the law as established in *Sandin*, the plaintiff's due process claim is meritless and, therefore, frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by the defendants be GRANTED;

2. This case be dismissed; and

3. The costs of this proceeding be taxed against the plaintiff.

Done this _____ day of May, 2001.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

CIVIL ACTION NO. 00-A-1319-N

## ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this _____ day of May, 2001.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE